IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TANCI ISSA, | ) | |
|         Petitioner, | ) | |
| v. | ) | No. 3:10-CV-1959-K |
| | ) | |
| WARDEN ARTHUR ANDERSON and NURIA T. PRENDES, | ) ) | |
|         Respondents. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an Order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Factual background**

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is a native and citizen of Venezuela. He is subject to a final order of removal. He states he has been in custody for more than 18 months pending his removal to Venezuela. He claims there is no significant likelihood that he will be removed to Venezuela in the foreseeable future, and the he should therefore be released on bond pending removal.

On December 6, 2010, Respondents file a motion to dismiss arguing that the issues in the petition are moot and that Petitioner is not in the Respondents' custody, but is in the custody of the United States Marshal Service. On December 8, 2010, Petitioner filed a reply. The Court

now finds the petition should be dismissed.

## II.  Discussion

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court held that section 241(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." *Id*. at 689.  The Court stated that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *Id.* at 699.

The *Zadvydas* Court designated six months as a presumptively reasonable period of post-order detention.  "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. at 701.

In this case, Venezuela filed a motion to extradite Petitioner to Venezuela to face criminal charges there.  On May 11, 2011, Magistrate Judge Toliver signed an order for extradition to Venezuela. *In the Matter of the Extradition of Tanci Issa Balza*, No. 3:10-MJ-340 (N.D. Tex.).[1] The Court finds Petitioner has failed to show there is no significant likelihood of removal in the foreseeable future.  The petition should therefore be denied.

---

[1] Judge Tolliver also remanded Petitioner into the custody of the United States Marshal Service.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the petition be denied.

Signed this 19th day of May, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).